## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLIAM RICHARD
HEAGNEY,**

     **Plaintiff,**

**v.**                              **Case No. 8:21-cv-02713-WFJ-AAS**

**THOMAS KNIGHT,** *et al.*,

     **Defendants.**

_____/

## <u>ORDER</u>

Before the Court is Plaintiff William Richard Heagney's civil rights complaint (Doc. 1), in which he alleges violation of his civil rights in connection with his September 21, 2019 arrest by the Sarasota County police officers. Also before the Court is Mr. Heagney's motion requesting that the United States Marshal serve the complaint on the Defendants. (Doc. 17). Mr. Heagney is currently in custody at the Central Florida Reception Center and proceeds in this action *pro se*.

Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on the Defendants is not warranted because Mr. Heagney must amend his complaint to proceed in this action.

First, Mr. Heagney sues both the former and current Sarasota County Sheriffs. "An action does not abate when a public officer who is a party in an official capacity

. . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). *See also Bilal v. Geo Care, LLC*, 981 F.3d 903, 918 (11th Cir. 2020) (determining substitution occurs even when court does not order substitution). Consequently, the official capacity claims against the former sheriff are dismissed as duplicative of the claims against the current Sheriff, Kurt Hoffman.

Second, a Section 1983 claim against an officer in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Claims brought against officers in their official capacity are construed as claims directly against the state agency that the officer represents. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Claims against officers are unnecessary and duplicative when the state agency that represents them has already been named. *See Crespo v. Florida Comm'n. on Offender Review*, No. 17-12007-H, 2017 WL 9324513, at *4 (11th Cir. Dec 6, 2017). Therefore, the official capacity claims against all of the officers can be dismissed as duplicative of the official capacity claims against Sheriff Hoffman.

Third, Mr. Heagney cannot pursue a claim against the Sarasota County Sheriff's Office. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, . . . [and the] capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v.*

*Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Under Florida law, a sheriff's office is not a legal entity subject to suit. *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (*per curiam*) (unpublished).   Therefore, the claims against the Sarasota County Sheriff's Office are dismissed.

Fourth, Mr. Heagney's claims that officers did not read him his *Miranda*[1] rights are not cognizable in a Section 1983 action and are dismissed. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) ("We have . . . established the *Miranda* exclusionary rule as a prophylactic measure to prevent violations of the right protected by the text of the Self–Incrimination Clause — the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning. . . . Accordingly, [the defendant's] failure to read *Miranda* warnings to [the plaintiff] did not violate [the plaintiff's] constitutional rights and cannot be grounds for a § 1983 action."); *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999) (holding that "failing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created.").

Fifth, Mr. Heagney names as Defendants the Sheriff and the following officers for their role as supervisors: Sergeant Tuggle,   Detective Shurtleff, Detective Wegenast, and Detective Piper.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

However, Mr. Heagney does not describe individual actions taken by these Defendants that violated his constitutional rights, and Defendants cannot be liable for the acts of their employees merely on a theory of respondeat superior. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). To state a claim against a supervisory defendant, Mr. Heagney must allege:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). *See also Monnell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658 (1978). Mr. Heagney has not done so here.

Sixth, as to the rest of the Defendants, Mr. Heagney does not specifically allege what action or inaction by each named Defendant violated his constitutional rights or even which constitutional rights were violated by each Defendant. To state a claim under Section 1983, Mr. Heagney must provide more than conclusory and vague allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Mr. Mr. Heagney appears to name any officer that was affiliated with his arrest for any reason. He describes, for example, some officers as interviewing officers, others as the officers who were involved in applying for a search warrant, an officer who

created the fictious dating profile with which Mr. Heagney interacted, some officers as case agents and witnesses, an officer who received his property after Mr. Heagney's arrest, and officers that were part of the arrest team.  But Mr. Heagney generally fails to explain what he believes was wrong with the actions of each Defendant.

To the extent Mr. Heagney complains that Defendants created false profiles on the dating website and misrepresented their legal ages, such allegations vaguely imply a claim of entrapment. However, "entrapment by itself is not sufficient to support § 1983 liability. Entrapment is an affirmative defense available to criminal defendants, but it 'is not of a constitutional dimension.' " *Topa v. Kerbs*, No. 218CV475FTM38MRM, 2018 WL 4698462, at *2 (M.D. Fla. Oct. 1, 2018) (quoting *U.S. v. Russell*, 411 U.S. 423, 433 (1973); citing *U.S. v. Isnadin*, 742 F.3d 1278, 1297 (11th Cir. 2014) (discussing entrapment as an affirmative defense); collecting cases).

Moreover, to the extent Mr. Heagney complains that the officers illegally obtained his internet and phone communications with them, he fails to state a claim. No warrant was necessary because Mr. Heagney communicated directly and voluntarily with the person in the dating profile. The fact that the person was a law enforcement officer does not transform the communications into some form of illegal eavesdropping or warrantless wiretapping.

Where Mr. Heagney claims officers filed a false affidavit supporting a warrant, Mr. Heagney "must show that the officer deliberately or with reckless disregard for the truth made material false statements or omitted material facts." *Pittman v. State Farm Fire & Casualty Co.*, 662 F. App'x 873, 881 (11th Cir. 2016). Mr. Heagney has neither explained which statements in the affidavit were allegedly false or fabricated, nor alleged that any such false statements were asserted deliberately or with reckless disregard for the truth.

Moreover, Mr. Heagney's claim for compensatory damages fails because he does not allege a physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."). Mr. Heagney merely mentions stress, anxiety, and depression as a result of his arrest with no mention of physical injury.

Finally, Mr. Heagney's complaint is construed as a civil rights complaint, but he also seems to seek this Court's intervention into the state proceedings by requesting the suppression of evidence. (Doc. 1 at 15). Because a federal court should almost always abstain from intruding in a state proceeding, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Accord*

*Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Abstention pursuant *Younger* is required where: "(1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x 814, 816 (11th  Cir. 2008) (*per curiam*) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "[T]o justify federal intervention, a petitioner 'must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts.' " *Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) (quoting *Allee v. Medrano*, 416 U.S. 802 (1974)).

Here, Mr. Heagney's state criminal proceedings are ongoing, the prosecution implicates important state interests such as upholding and enforcing the laws of the state, and Mr. Heagney may challenge the issuance of warrants and the admissibility of evidence in the state criminal prosecution.  Moreover, Mr. Heagney presents no compelling or even facially sufficient reason to intervene.

Accordingly, it is **ORDERED** that:

1. Mr. Heagney's Complaint (Doc. 1) is **DISMISSED without prejudice** to file an amended complaint **within THIRTY (30) DAYS** from the date of this Order. **Mr. Heagney is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

   A. To amend his complaint, Mr. Heagney should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint."

   B. The amended complaint must include all of Mr. Heagney's claims in this action; it may not refer back to or incorporate the original complaint. **The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.**

2. Mr. Heagney must also cease sending in documents related to the complaint in a piecemeal fashion. (*See, e.g.*, Docs. 9, 11–15). A party is generally required to submit all of his claims (and facts supporting those claims) in one pleading document. *See, e.g., Costoso v. Le*, No. 4:17CV157-RH/CAS, 2017 WL 6616915, at *1 (N.D. Fla. Nov. 8, 2017) (explaining, regarding the plaintiff's request to supplement the complaint, that "[i]t is not appropriate for the Court to add or delete pages to a complaint. Plaintiff is responsible for filing a complaint that is complete,

in and of itself. Piecemeal litigation leads to problems and will not be permitted."), *report and recommendation adopted*, No. 4:17CV157-RH/CAS, 2017 WL 6616914 (N.D. Fla. Dec. 27, 2017). **Plaintiff must include all related claims and factual allegations in support of those claims in the amended complaint.**

3. Mr. Heagney's motion requesting service of process (Doc. 17) is **DENIED without prejudice**.

4. The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE